FILED

OCT 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10454 |
| Plaintiff - Appellee, | D.C. No. 4:07-cr-01207-RCC |
| v. | |
| HOWARD WESLEY COTTERMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted October 14, 2015[**]

Before:   SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Howard Wesley Cotterman appeals from the district court's judgment and challenges the 35-year sentence imposed following his bench-trial convictions for two counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256(2); transportation and shipping of child pornography, in

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. §§ 2252(a)(1), (b)(1), and 2256(2); possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2), and 2256(2); and importation of obscene material, in violation of 18 U.S.C. § 1462(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cotterman first argues that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and by failing to adequately explain its sentencing decision. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. A court is not required to discuss each individual sentencing factor, and we assume that the district court knew the law and understood its obligation to consider the factors under 18 U.S.C. § 3553(a). *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the reasons for imposing the sentence are readily apparent from the record. *See id*.

Next, Cotterman asserts that his sentence is substantively unreasonable. We review a claim that a sentence is substantively unreasonable for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the troubling nature of the offense, as well as Cotterman's criminal history, the court did not abuse its discretion. *See id*.

**AFFIRMED.**